**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**GORDON KEMP,**

                      **Plaintiff,**

            v.                          **8:18-CV-1368**
                                         **(FJS/CFH)**

**ST. LAWRENCE PSYCHIATRIC CENTER;**
**MICKEY MCLAUGHLIN; DERRICK ST.**
**PIER; BRYAN SHEA; KURT HALLIDAY;**
**WANDA YOUNG; and JOHN DOES 1-15,**
**unknown employees or agents of New York**
**State and/or St. Lawrence Psychiatric Center,**

                      **Defendants.**

_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **E. STEWART JONES HACKER MURPHY, LLP**<br>28 Second Street<br>Troy, New York 12180<br>Attorneys for Plaintiff | **JAMES C. KNOX, ESQ.**<br>**JULIA A. NOCIOLO, ESQ.** |
| **OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL**<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendants St. Lawrence Psychiatric Center, Derrick St. Pier, Bryan Shea, Kurt Halliday, and Wanda Young | **JOSHUA E. MCMAHON, AAG** |
| **MICKEY MCLAUGHLIN**<br>Defendant | **NO APPEARANCE** |

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff, who is a civilly-confined sex offender housed at Defendant St. Lawrence Psychiatric Center ("SLPC"), filed his complaint in this action on November 26, 2018. *See* Dkt. No. 1, Complaint. In his complaint, Plaintiff, among other things, asserted the following two causes of action under 42 U.S.C. § 1983 against Defendant McLaughlin: (1) use of excessive force and (2) deliberate indifference to medical need. *See id.* at ¶¶ 32-36 (Count One - Use of Excessive Force); ¶¶ 44-50 (Count Three - Deliberate Indifference to Medical Need). On February 18, 2019, Plaintiff effected service on Defendant McLaughlin pursuant to Rule 4 of the Federal Rules of Civil Procedure and filed proof of such service with the Court. *See* Dkt. No. 36-1, Declaration of Julie A. Nociolo, at ¶ 8 (citing "Exhibit C," a copy of the Affidavit of Service). Defendant McLaughlin did not appear or otherwise defend this action within the required time frame and is, therefore, in default. Plaintiff requested a Clerk's entry of default against Defendant McLaughlin on March 12, 2020, *see* Dkt. No. 34, which the Clerk entered on March 13, 2020, *see* Dkt. No. 35. Pending before the Court is Plaintiff's motion for an entry of default judgment against Defendant McLaughlin on the issue of liability. *See* Dkt. No. 36.

**II. DISCUSSION**

**A.     Legal standard governing motions for entry of a default judgment**

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 503 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. *See* Fed. R. Civ. P. 55(a) (providing

that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"); N.D.N.Y. L.R. 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded").  Second, under Rule 55(b), the plaintiff may apply for entry of a default judgment by the clerk, "[i]f the plaintiff's claim is for a sum certain" or by the court "[i]n all other cases[.]" Fed. R. Civ. P. 55(b)(1), (2); N.D.N.Y. L.R. 55.2(b) (providing, among other things, that "[a] party shall accompany a motion to the Court for entry of a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), with a **clerk's certificate of entry of default** . . ., a **proposed form of default judgment**, and a copy of the pleading to which no response has been made").

By failing to answer or otherwise defend this action, Defendant is deemed to have admitted the factual allegations in the complaint. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (noting that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability" (citations omitted)).  However, "before entering default judgment, the Court must review the Complaint to determine whether Plaintiff has stated a valid claim for relief." *Wells Fargo Bank, N.A. v. Barns*, No. 3:16-cv-00533 (BKS/DEP), 2018 WL 6028050, *5 (N.D.N.Y. Nov. 16, 2018) (citing *Finkel v. Romanowicz*, 572 F.3d 79, 84 (2d Cir. 2009)) (other citation omitted).

### *1. Count One - Use of Excessive Force*

When a civilly committed individual, such as Plaintiff, brings an excessive force claim, "the appropriate standard is substantive due process under the Fourteenth Amendment[.]" *Balkum v. Sawyer*, No. 6:06-CV-1467, 2011 WL 5041206, *11 (N.D.N.Y. Oct. 21, 2011). "'[I]ndividuals in the non-seizure, non-prisoner environment have a substantive due process right to be free from the use of excessive force by their custodians.'" *Id.* (quoting *Lane v. Carpinello*, No. 9:07-CV-0751, 2009 WL 3074344, at *22 (N.D.N.Y. Sept. 24, 2009) (citing *Johnson v. Newburgh Enlarged School Dist.*, 239 F.3d 246, 253 (2d Cir. 2001))).

In evaluating an excessive force claim, the court should consider the following factors: "'the need for the application of force, the relationship between the need and amount of force that was used, the extent of injury inflicted, and whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id.* at *12 (quoting [*Johnson*, 239 F.3d] at 251-52 (internal quotation marks and citations omitted)).

In his complaint, Plaintiff alleges that, on June 7, 2017, he was a patient at Ward/Unit 50 at SLPC. *See* Dkt. No. 1 at ¶ 13. "Plaintiff is a double-leg, below-the-knee amputee," who, before June 7, 2017, "was able to ambulate independently with the aid of prosthetic limbs." *See id.* at ¶¶ 15-16. "When not wearing his prosthetic limbs, [P]laintiff is unable to stand or walk and utilizes a wheelchair." *See id.* at ¶ 17.

According to Plaintiff, on June 7, 2017, while seated in his wheelchair and not wearing his prosthetic limbs, he "got into a verbal confrontation with another inpatient peer at Ward/Unit 50." *See id.* at ¶ 18. During that confrontation, Plaintiff threw coffee in the direction of the other inpatient, and some of that coffee landed on or near Defendant McLaughlin, a registered nurse at

SLPC. *See id.* at ¶¶ 5, 20-21. Plaintiff alleges that Defendant McLaughlin, who was charged "with the duty to care for and supervise [him], intentionally struck [him] in the face with a closed fist, forcibly removed him from his wheelchair and slammed [him], bodily, onto the floor." *See id.* at ¶ 22. Plaintiff asserts that, as a result of Defendant McLaughlin's actions, he "suffered injuries, including a fracture of his left femur." *See id.* at ¶ 23.

Based on these allegations, the Court concludes that Plaintiff has stated a valid claim for the use of excessive force against Defendant McLaughlin. Therefore, the Court grants Plaintiff's motion with regard to Defendant McLaughlin's liability for the injuries that Plaintiff suffered as result of the use of excessive force. However, the Court cannot determine the amount of damages to which Plaintiff is entitled as a result of Defendant McLaughlin's actions based on the information currently before the Court and; therefore, the Court reserves decision with regard to damages.

### 2. Count 3 - Deliberate indifference to medical need

Since Plaintiff was civilly committed at the time of the incident, the Court must analyze his deliberate indifference claim under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. *See Smith v. Carey*, No. 9:10-CV-1247 (NAM/TWD), 2012 WL 6923338, *7 (N.D.N.Y. Dec. 28, 2012), *report and recommendation adopted*, No. 9:10-CV-1247, 2013 WL 237722 (N.D.N.Y. Jan. 22, 2013). However, the same standard applies. *See id.* (citing *Caiozzo v. Koreman*, 581 F.3d 63, 66 (2d Cir. 2009) (applying standard from Eighth Amendment jurisprudence to pretrial detainee's due process claims regarding medical care)). "There are two elements to a claim that officials violated a plaintiff's right to receive adequate medical care: 'the plaintiff must show that she or he had a serious medical condition and that it was

met with deliberate indifference.'" *Id.* (quoting [*Caiozzo*, 581 F.3d] at 72 (citation and punctuation omitted)). "'The objective "medical need" element measures the severity of the alleged deprivation, while the subjective "deliberate indifference" element ensures that the defendant prison official acted with a sufficiently culpable state of mind.'" *Id.* (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)).

"A 'serious medical condition' is 'a condition of urgency, one that may produce death, degeneration, or extreme plain.'" *Id.* (quoting *Nance v. Kelly*, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J. dissenting) (citations omitted), accord, *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1996), *cert. denied*, 513 U.S. 1154 (1995)) (other citation omitted). Some of the factors that a court should consider in determining if an alleged medical condition is sufficiently serious include "(1) the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; (2) the presence of a medical condition that significantly affects an individual's daily activities; and (3) the existence of chronic and substantial pain." *Id.* (citation omitted).

If the plaintiff is able to demonstrate that he suffers from a serious medical condition, then he must show that the defendant was deliberately indifferent to that condition. "'When the basis for a prisoner's Eighth Amendment claim is a temporary delay . . . in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone in analyzing whether the alleged deprivation' is sufficiently serious." *Id.* at *8 (quoting *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003) (emphasis in original)).

In his complaint, Plaintiff alleges that, as a result of Defendant McLaughlin's use of

excessive force against him, including slamming him to the ground, he suffered a fracture of his left femur, *see* Dkt. No. 1 at ¶ 30, and that Defendant McLaughlin, among others, were aware that he was suffering from a serious injury because he complained of pain and discomfort in his left hip area. *See id.* at ¶¶ 26-27. Plaintiff further asserts that, despite his complaints, Defendant McLaughlin, among others, "unnecessarily placed [him] in isolation and interrogated him about the incident for a prolonged period of time," thereby demonstrating "deliberate indifference to [his] complaints, injuries and suffering and negligently fail[ing] to timely obtain medical treatment for [him]" by not transferring him "to a local hospital for medical care and treatment" until approximately two hours after the incident. *See* Complaint at ¶¶ 29, 47-48.

Although there can be little doubt that a broken left femur constitutes a serious medical condition, Plaintiff's complaint fails to allege any facts to demonstrate that Defendant McLaughlin was deliberately indifferent to that condition. There is nothing in the complaint to suggest that Defendant McLaughlin knew the extent of Plaintiff's injuries or was aware that a two-hour delay in treatment would result in a serious risk to Plaintiff's health and safety. *See Smith*, 2012 WL 6923338, at *8 (concluding that a two hour delay in treatment was "negligible" and did "not rise to a constitutional level"). Therefore, the Court concludes that Plaintiff has not stated a viable claim for deliberate indifference to a serious medical need against Defendant McLaughlin and denies Plaintiff's motion for entry of a default judgment against Defendant McLaughlin on this claim.

### III. CONCLUSION

Having reviewed the entire file in this matter, Plaintiff's complaint and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion is **GRANTED** with regard to the issue of liability as to his excessive force claim against Defendant McLaughlin and **RESERVED** with regard to the issue of damages on this claim; and the Court further

**ORDERS** that Defendant's motion for an entry of a default judgment is **DENIED** with regard to his claim of deliberate indifference to his medical needs against Defendant McLaughlin; and the Court further

**ORDERS** that the amount of damages for which Defendant McLaughlin is responsible with regard to Plaintiff's excessive force claim against him will be determined after the Court hears evidence regarding this claim, which Plaintiff shall present during the trial of the claims that he has asserted against the other Defendants; and the Court further

**ORDERS** that the trial of this matter will commence on **December 7, 2020, at 10:00 a.m. in Albany, New York.** The Court will issue a Final Pretrial Scheduling Order setting forth dates for the filing of pre-trial submissions and a date for a Final Pretrial Conference at a later time.

**IT IS SO ORDERED.**

Dated: July 15, 2020
Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge